UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| RUDY A. COLON and ELVIN AQUINO,<br><br>                    Plaintiffs,<br><br>– against –<br><br><br>YAARON LLC, AARON JUNGREIS, and MEIR ROTHMAN,<br><br>                    Defendants. | 1:23-cv-07127 (JGK)<br><br>**ANSWER TO COMPLAINT AND AFFIRMATIVE DEFENSES** |

Defendants Yaaron LLC, Aaron Jungreis, and Meir Rothman ("Defendants"), by and through their attorneys, Phillips Nizer LLP, as and for their Answer and Affirmative Defenses (the "Answer") to the Complaint (the "Complaint") of Plaintiffs Rudy A. Colon and Elvin Aquino ("Plaintiffs") state as follows:

## PRELIMINARY STATEMENT

1.      No response is required to Paragraph 1 of the Complaint, as Paragraph 1 sets forth legal conclusions and does not require any response, but to the extent that a response is required, deny the allegations contained in Paragraph 1 of the Complaint.

2.      No response is required to Paragraph 2 of the Complaint, as Paragraph 2 sets forth legal conclusions and does not require any response, but to the extent that a response is required, deny the allegations contained in Paragraph 2 of the Complaint.

3.      No response is required to Paragraph 3 of the Complaint, as Paragraph 3 sets forth legal conclusions and does not require any response, but to the extent that a response is required, deny the allegations contained in Paragraph 3 of the Complaint.

## JURISDICTION AND VENUE

4.      No response is required to Paragraph 4 of the Complaint, as Paragraph 4 sets forth legal conclusions and does not require any response, but to the extent that a response is required,

deny the allegations contained in Paragraph 4 of the Complaint.

5.      No response is required to Paragraph 5 of the Complaint, as Paragraph 5 sets forth legal conclusions and does not require any response, but to the extent that a response is required, deny the allegations contained in Paragraph 5 of the Complaint.

6.      No response is required to Paragraph 6 of the Complaint, as Paragraph 6 sets forth legal conclusions and does not require any response, but to the extent that a response is required, deny the allegations contained in Paragraph 6 of the Complaint.

7.      No response is required to Paragraph 7 of the Complaint, as Paragraph 7 sets forth legal conclusions and does not require any response, but to the extent that a response is required, deny the allegations contained in Paragraph 7 of the Complaint.

## **THE PARTIES**

8.      Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 8 of the Complaint.

9.      Deny the allegations contained in Paragraph 9 of the Complaint, except admit that Colon worked as a superintendent from February 2016 to on or about May 19, 2023.

10.     Deny the allegations contained in Paragraph 10 of the Complaint, except admit that Colon was assigned to work as a superintendent at 645 W. 160th Street, New York, New York.

11.     Deny the allegations contained in Paragraph 11 of the Complaint, except admit that Colon served as superintendent at 645 W. 160th Street, New York, New York.

12.     Deny the allegations contained in Paragraph 12 of the Complaint.

13.     Deny the allegations contained in Paragraph 13 of the Complaint.

14.     Deny the allegations contained in Paragraph 14 of the Complaint.

15.     Deny the allegations contained in Paragraph 15 of the Complaint, except admit

that some of Colon's duties included cleaning, lifting, carrying building supplies, painting, light plumbing, and sweeping.

16.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 16 of the Complaint.

17.    Deny the allegations contained in Paragraph 17 of the Complaint, except admit that Aquino worked as a porter at 645 W. 160th Street, New York, New York from March 2016 through March 2023.

18.    Deny the allegations contained in Paragraph 18 of the Complaint, except admit that Aquino's duties included cleaning and handling garbage and recycling.

19.    No response is required to Paragraph 19 of the Complaint, as Paragraph 19 sets forth legal conclusions and does not require any response, but to the extent that a response is required, deny the allegations contained in Paragraph 19 of the Complaint.

20.     No response is required to Paragraph 20 of the Complaint, as Paragraph 20 sets forth legal conclusions and does not require any response, but to the extent that a response is required, deny the allegations contained in Paragraph 20 of the Complaint.

21.    No response is required to Paragraph 21 of the Complaint, as Paragraph 21 sets forth legal conclusions and does not require any response, but to the extent that a response is required, deny the allegations contained in Paragraph 21 of the Complaint.

22.    Deny the allegations contained in Paragraph 22 of the Complaint.

23.    Admit the allegations contained in Paragraph 23 of the Complaint.

24.    No response is required to Paragraph 24 of the Complaint, as Paragraph 24 sets forth legal conclusions and does not require any response, but to the extent that a response is required, deny the allegations contained in Paragraph 24 of the Complaint.

25.     No response is required to Paragraph 25 of the Complaint, as Paragraph 25 sets forth legal conclusions and does not require any response, but to the extent that a response is required, deny the allegations contained in Paragraph 25 of the Complaint.

26.     Admit the allegations contained in Paragraph 26 of the Complaint.

27.     Admit the allegations contained in Paragraph 27 of the Complaint.

28.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 28 of the Complaint.

29.     Deny the allegations contained in Paragraph 29 of the Complaint.

30.     Deny the allegations contained in Paragraph 30 of the Complaint.

31.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 31 of the Complaint.

32.     No response is required to Paragraph 32 of the Complaint, as Paragraph 32 sets forth legal conclusions and does not require any response, but to the extent that a response is required, deny the allegations contained in Paragraph 32 of the Complaint.

33.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 33 of the Complaint.

34.     Deny the allegations contained in Paragraph 34 of the Complaint.

35.     Deny the allegations contained in Paragraph 35 of the Complaint.

36.     Admit the allegations contained in Paragraph 36 of the Complaint.

37.     Admit the allegations contained in Paragraph 37 of the Complaint.

38.     No response is required to Paragraph 38 of the Complaint, as Paragraph 38 sets forth legal conclusions and does not require any response, but to the extent that a response is required, deny the allegations contained in Paragraph 38 of the Complaint.

39.     No response is required to Paragraph 39 of the Complaint, as Paragraph 39 sets forth legal conclusions and does not require any response, but to the extent that a response is required, deny the allegations contained in Paragraph 39 of the Complaint.

40.     No response is required to Paragraph 40 of the Complaint, as Paragraph 40 sets forth legal conclusions and does not require any response, but to the extent that a response is required, deny the allegations contained in Paragraph 40 of the Complaint.

41.     No response is required to Paragraph 41 of the Complaint, as Paragraph 41 sets forth legal conclusions and does not require any response, but to the extent that a response is required, deny the allegations contained in Paragraph 41 of the Complaint.

42.     Deny the allegations contained in Paragraph 42 of the Complaint.

43.     No response is required to Paragraph 43 of the Complaint, as Paragraph 43 sets forth legal conclusions and does not require any response, but to the extent that a response is required, deny the allegations contained in Paragraph 43 of the Complaint.

44.     No response is required to Paragraph 44 of the Complaint, as Paragraph 44 sets forth legal conclusions and does not require any response, but to the extent that a response is required, deny the allegations contained in Paragraph 44 of the Complaint.

45.     No response is required to Paragraph 45 of the Complaint, as Paragraph 45 sets forth legal conclusions and does not require any response, but to the extent that a response is required, deny the allegations contained in Paragraph 45 of the Complaint.

46.     No response is required to Paragraph 46 of the Complaint, as Paragraph 46 sets forth legal conclusions and does not require any response, but to the extent that a response is required, deny the allegations contained in Paragraph 46 of the Complaint.

47.     No response is required to Paragraph 47 of the Complaint, as Paragraph 47 sets

forth legal conclusions and does not require any response, but to the extent that a response is required, deny the allegations contained in Paragraph 47 of the Complaint.

48.     No response is required to Paragraph 48 of the Complaint, as Paragraph 48 sets forth legal conclusions and does not require any response, but to the extent that a response is required, deny the allegations contained in Paragraph 48 of the Complaint.

49.     No response is required to Paragraph 49 of the Complaint, as Paragraph 49 sets forth legal conclusions and does not require any response, but to the extent that a response is required, deny the allegations contained in Paragraph 49 of the Complaint.

50.     No response is required to Paragraph 50 of the Complaint, as Paragraph 50 sets forth legal conclusions and does not require any response, but to the extent that a response is required, deny the allegations contained in Paragraph 50 of the Complaint.

51.     Deny the allegations contained in Paragraph 51 of the Complaint, except admit Colon began working in or about February 2016.

52.     Admit the allegations contained in Paragraph 52 of the Complaint.

53.     Deny the allegations contained in Paragraph 53 of the Complaint.

54.     Deny the allegations contained in Paragraph 54 of the Complaint.

55.     Deny the allegations contained in Paragraph 55 of the Complaint.

56.     Deny the allegations contained in Paragraph 56 of the Complaint.

57.     Deny the allegations contained in Paragraph 57 of the Complaint.

58.     Deny the allegations contained in Paragraph 58 of the Complaint.

59.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 59 of the Complaint, except admit Colon addressed a burst pipe at 645 W. 160th Street in June 2022.

60.     Deny the allegations contained in Paragraph 60 of the Complaint.

61.     Deny the allegations contained in Paragraph 61 of the Complaint.

62.     Deny the allegations contained in Paragraph 62 of the Complaint.

63.     Deny the allegations contained in Paragraph 63 of the Complaint.

64.     Deny the allegations contained in Paragraph 64 of the Complaint, except admit at times Colon received additional pay for outside projects.

65.     Deny the allegations contained in Paragraph 65 of the Complaint.

66.     Deny the allegations contained in Paragraph 66 of the Complaint.

67.     Deny the allegations contained in Paragraph 67 of the Complaint.

68.     No response is required to Paragraph 68 of the Complaint, as Paragraph 68 sets forth legal conclusions and does not require any response, but to the extent that a response is required, deny the allegations contained in Paragraph 68 of the Complaint.

69.     No response is required to Paragraph 69 of the Complaint, as Paragraph 69 sets forth legal conclusions and does not require any response, but to the extent that a response is required, deny the allegations contained in Paragraph 69 of the Complaint.

70.     Admit the allegations contained in Paragraph 70 of the Complaint.

71.     Deny the allegations contained in Paragraph 71 of the Complaint, except deny knowledge or information sufficient to form a belief as to the truth of the allegations concerning Colon's alleged stress.

72.     Deny the allegations contained in Paragraph 72 of the Complaint.

73.     No response is required to Paragraph 73 of the Complaint, as Paragraph 73 sets forth legal conclusions and does not require any response, but to the extent that a response is required, deny the allegations contained in Paragraph 73 of the Complaint.

74.     Deny the allegations contained in Paragraph 74 of the Complaint, except admit Aquino worked as a porter at 645 W. 160th Street from March 206 through approximately March 2023.

75.     Deny the allegations contained in Paragraph 75 of the Complaint.

76.     Deny the allegations contained in Paragraph 76 of the Complaint.

77.     Deny the allegations contained in Paragraph 77 of the Complaint.

78.     No response is required to Paragraph 78 of the Complaint, as Paragraph 78 sets forth legal conclusions and does not require any response, but to the extent that a response is required, deny the allegations contained in Paragraph 78 of the Complaint.

79.     No response is required to Paragraph 79 of the Complaint, as Paragraph 79 sets forth legal conclusions and does not require any response, but to the extent that a response is required, deny the allegations contained in Paragraph 79 of the Complaint.

80.     Deny the allegations contained in Paragraph 80 of the Complaint.

81.     Deny the allegations contained in Paragraph 81 of the Complaint.

82.     No response is required to Paragraph 82 of the Complaint, as Paragraph 82 sets forth legal conclusions and does not require any response, but to the extent that a response is required, deny the allegations contained in Paragraph 82 of the Complaint.

83.     Deny the allegations contained in Paragraph 83 of the Complaint.

84.     Deny the allegations contained in Paragraph 84 of the Complaint, except deny knowledge or information sufficient to form a belief as to the truth of the allegations concerning Aquino's alleged stress.

85.     No response is required to Paragraph 85 of the Complaint, as Paragraph 85 sets forth legal conclusions and does not require any response, but to the extent that a response is

required, deny the allegations contained in Paragraph 85 of the Complaint.

86.    Deny the allegations contained in Paragraph 86 of the Complaint, except deny knowledge or information sufficient to form a belief as to the truth of the allegations concerning incurred ATM fees.

87.    Deny the allegations contained in Paragraph 87 of the Complaint, except deny knowledge or information sufficient to form a belief as to the truth of the allegations concerning incurred ATM fees and pay being kicked back.

88.    Deny the allegations contained in Paragraph 88 of the Complaint.

89.    Deny the allegations contained in Paragraph 89 of the Complaint, except deny knowledge or information sufficient to form a belief as to the truth of the allegations regarding wages being kicked back to Heartland Payment Systems.

90.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 90 of the Complaint.

## AS AND FOR A FIRST CAUSE OF ACTION
### FLSA Overtime Wage Violations, 29 USC § 201 *et. seq.*

91.    Repeat and reallege their responses to all allegations of the Complaint herein as if set forth again in their entirety.

92.    No response is required to Paragraph 92 of the Complaint, as Paragraph 92 sets forth legal conclusions and does not require any response, but to the extent that a response is required, deny the allegations contained in Paragraph 92 of the Complaint.

93.    No response is required to Paragraph 93 of the Complaint, as Paragraph 93 sets forth legal conclusions and does not require any response, but to the extent that a response is required, deny the allegations contained in Paragraph 93 of the Complaint.

94.    No response is required to Paragraph 94 of the Complaint, as Paragraph 94 sets

forth legal conclusions and does not require any response, but to the extent that a response is required, deny the allegations contained in Paragraph 94 of the Complaint.

95.     No response is required to Paragraph 95 of the Complaint, as Paragraph 95 sets forth legal conclusions and does not require any response, but to the extent that a response is required, deny the allegations contained in Paragraph 95 of the Complaint.

96.     No response is required to Paragraph 96 of the Complaint, as Paragraph 96 sets forth legal conclusions and does not require any response, but to the extent that a response is required, deny the allegations contained in Paragraph 96 of the Complaint.

**AS AD FOR A SECOND CAUSE OF ACTION**
**New York Labor Law – Overtime Wages**

97.     Repeat and reallege their responses to all allegations of the Complaint herein as if set forth again in their entirety.

98.     No response is required to Paragraph 98 of the Complaint, as Paragraph 98 sets forth legal conclusions and does not require any response, but to the extent that a response is required, deny the allegations contained in Paragraph 98 of the Complaint.

99.     No response is required to Paragraph 99 of the Complaint, as Paragraph 99 sets forth legal conclusions and does not require any response, but to the extent that a response is required, deny the allegations contained in Paragraph 99 of the Complaint.

100.     No response is required to Paragraph 100 of the Complaint, as Paragraph 100 sets forth legal conclusions and does not require any response, but to the extent that a response is required, deny the allegations contained in Paragraph 100 of the Complaint.

101.     No response is required to Paragraph 101 of the Complaint, as Paragraph 101 sets forth legal conclusions and does not require any response, but to the extent that a response is required, deny the allegations contained in Paragraph 101 of the Complaint.

102.    No response is required to Paragraph 102 of the Complaint, as Paragraph 102 sets forth legal conclusions and does not require any response, but to the extent that a response is required, deny the allegations contained in Paragraph 102 of the Complaint.

## AS AND FOR A THIRD CAUSE OF ACTION
### New York Labor Law – Minimum Wages

103.    Repeat and reallege their responses to all allegations of the Complaint herein as if set forth again in their entirety.

104.    No response is required to Paragraph 104 of the Complaint, as Paragraph 104 sets forth legal conclusions and does not require any response, but to the extent that a response is required, deny the allegations contained in Paragraph 104 of the Complaint.

105.    No response is required to Paragraph 105 of the Complaint, as Paragraph 105 sets forth legal conclusions and does not require any response, but to the extent that a response is required, deny the allegations contained in Paragraph 105 of the Complaint.

106.    No response is required to Paragraph 106 of the Complaint, as Paragraph 106 sets forth legal conclusions and does not require any response, but to the extent that a response is required, deny the allegations contained in Paragraph 106 of the Complaint.

107.    No response is required to Paragraph 107 of the Complaint, as Paragraph 107 sets forth legal conclusions and does not require any response, but to the extent that a response is required, deny the allegations contained in Paragraph 107 of the Complaint.

108.    No response is required to Paragraph 108 of the Complaint, as Paragraph 108 sets forth legal conclusions and does not require any response, but to the extent that a response is required, deny the allegations contained in Paragraph 108 of the Complaint.

## AS AND FOR A FOURTH CAUSE OF ACTION
### Failure to Pay Wages in Negotiable Instruments – 29 C.F.R. §§ 531.27(a), 531.35

109.    No response is required to Paragraph 109 of the Complaint, as Paragraph 109 sets

forth legal conclusions and does not require any response, but to the extent that a response is required, deny the allegations contained in Paragraph 109 of the Complaint.

110.    No response is required to Paragraph 110 of the Complaint, as Paragraph 110 sets forth legal conclusions and does not require any response, but to the extent that a response is required, deny the allegations contained in Paragraph 110 of the Complaint.

111.    No response is required to Paragraph 111 of the Complaint, as Paragraph 111 sets forth legal conclusions and does not require any response, but to the extent that a response is required, deny the allegations contained in Paragraph 111 of the Complaint.

112.    No response is required to Paragraph 112 of the Complaint, as Paragraph 112 sets forth legal conclusions and does not require any response, but to the extent that a response is required, deny the allegations contained in Paragraph 112 of the Complaint.

113.    No response is required to Paragraph 113 of the Complaint, as Paragraph 113 sets forth legal conclusions and does not require any response, but to the extent that a response is required, deny the allegations contained in Paragraph 113 of the Complaint.

114.    No response is required to Paragraph 114 of the Complaint, as Paragraph 114 sets forth legal conclusions and does not require any response, but to the extent that a response is required, deny the allegations contained in Paragraph 114 of the Complaint.

115.    No response is required to Paragraph 115 of the Complaint, as Paragraph 115 sets forth legal conclusions and does not require any response, but to the extent that a response is required, deny the allegations contained in Paragraph 115 of the Complaint.

116.    No response is required to Paragraph 116 of the Complaint, as Paragraph 116 sets forth legal conclusions and does not require any response, but to the extent that a response is required, deny the allegations contained in Paragraph 116 of the Complaint.

## AS AND FOR A FIFTH CAUSE OF ACTION
### N.Y. Comp. Codes R. & Regs. tit. 12, §§ 192-2.3 and 198-b

117.    Repeat and reallege their responses to all allegations of the Complaint herein as if set forth again in their entirety.

118.    No response is required to Paragraph 118 of the Complaint, as Paragraph 118 sets forth legal conclusions and does not require any response, but to the extent that a response is required, deny the allegations contained in Paragraph 118 of the Complaint.

119.    No response is required to Paragraph 119 of the Complaint, as Paragraph 119 sets forth legal conclusions and does not require any response, but to the extent that a response is required, deny the allegations contained in Paragraph 119 of the Complaint.

120.    No response is required to Paragraph 120 of the Complaint, as Paragraph 120 sets forth legal conclusions and does not require any response, but to the extent that a response is required, deny the allegations contained in Paragraph 120 of the Complaint.

121.    No response is required to Paragraph 121 of the Complaint, as Paragraph 121 sets forth legal conclusions and does not require any response, but to the extent that a response is required, deny the allegations contained in Paragraph 121 of the Complaint.

122.    No response is required to Paragraph 122 of the Complaint, as Paragraph 122 sets forth legal conclusions and does not require any response, but to the extent that a response is required, deny the allegations contained in Paragraph 122 of the Complaint.

123.    No response is required to Paragraph 123 of the Complaint, as Paragraph 123 sets forth legal conclusions and does not require any response, but to the extent that a response is required, deny the allegations contained in Paragraph 123 of the Complaint.

124.    No response is required to Paragraph 124 of the Complaint, as Paragraph 124 sets forth legal conclusions and does not require any response, but to the extent that a response is

13

required, deny the allegations contained in Paragraph 124 of the Complaint.

125.    No response is required to Paragraph 125 of the Complaint, as Paragraph 125 sets forth legal conclusions and does not require any response, but to the extent that a response is required, deny the allegations contained in Paragraph 125 of the Complaint.

126.    No response is required to Paragraph 126 of the Complaint, as Paragraph 126 sets forth legal conclusions and does not require any response, but to the extent that a response is required, deny the allegations contained in Paragraph 126 of the Complaint.

127.    No response is required to Paragraph 127 of the Complaint, as Paragraph 127 sets forth legal conclusions and does not require any response, but to the extent that a response is required, deny the allegations contained in Paragraph 127 of the Complaint.

## AS AND FOR A SIXTH CAUSE OF ACTION
### NYLL § 191(1)(a) – Late Payment of Wages

128.    Repeat and reallege their responses to all allegations of the Complaint herein as if set forth again in their entirety.

129.    No response is required to Paragraph 129 of the Complaint, as Paragraph 129 sets forth legal conclusions and does not require any response, but to the extent that a response is required, deny the allegations contained in Paragraph 129 of the Complaint.

130.    No response is required to Paragraph 130 of the Complaint, as Paragraph 130  sets forth legal conclusions and does not require any response, but to the extent that a response is required, deny the allegations contained in Paragraph 130 of the Complaint.

131.    No response is required to Paragraph 131 of the Complaint, as Paragraph 131 sets forth legal conclusions and does not require any response, but to the extent that a response is required, deny the allegations contained in Paragraph 131 of the Complaint.

132.    No response is required to Paragraph 132 of the Complaint, as Paragraph 132 sets

forth legal conclusions and does not require any response, but to the extent that a response is required, deny the allegations contained in Paragraph 132 of the Complaint.

133.    No response is required to Paragraph 133 of the Complaint, as Paragraph 133 sets forth legal conclusions and does not require any response, but to the extent that a response is required, deny the allegations contained in Paragraph 133 of the Complaint.

<u>**AS AND FOR A SEVENTH CAUSE OF ACTION**</u>
<u>**Illegal Deductions, New York Labor Law, Article 19 § 193, 12 N.Y.C.R.R. § 2.10(a)**</u>

134.    Repeat and reallege their responses to all allegations of the Complaint herein as if set forth again in their entirety.

135.    No response is required to Paragraph 135 of the Complaint, as Paragraph 135 sets forth legal conclusions and does not require any response, but to the extent that a response is required, deny the allegations contained in Paragraph 135 of the Complaint.

136.    Deny the allegations in Paragraph 136 of the Complaint.

137.    Deny the allegations in Paragraph 137 of the Complaint.

138.    No response is required to Paragraph 138 of the Complaint, as Paragraph 138 sets forth legal conclusions and does not require any response, but to the extent that a response is required, deny the allegations contained in Paragraph 138 of the Complaint.

<u>**AS AND FOR AN EIGHTH CAUSE OF ACTION**</u>
<u>**NYLL Wage Theft Protection Act – Failure to Provide Wage Statements**</u>

139.    Repeat and reallege their responses to all allegations of the Complaint herein as if set forth again in their entirety.

140.    No response is required to Paragraph 140 of the Complaint, as Paragraph 140 sets forth legal conclusions and does not require any response, but to the extent that a response is required, deny the allegations contained in Paragraph 140 of the Complaint.

141.    No response is required to Paragraph 141 of the Complaint, as Paragraph 141 sets

forth legal conclusions and does not require any response, but to the extent that a response is required, deny the allegations contained in Paragraph 141 of the Complaint.

142.    No response is required to Paragraph 142 of the Complaint, as Paragraph 142 sets forth legal conclusions and does not require any response, but to the extent that a response is required, deny the allegations contained in Paragraph 142 of the Complaint.

**AS AND FOR A NINTH CAUSE OF ACTION**
**NYLL Wage Theft Protection Act – Failure to Provide Wage Notices**

143.    Repeat and reallege their responses to all allegations of the Complaint herein as if set forth again in their entirety.

144.    No response is required to Paragraph 144 of the Complaint, as Paragraph 144 sets forth legal conclusions and does not require any response, but to the extent that a response is required, deny the allegations contained in Paragraph 144 of the Complaint.

145.    No response is required to Paragraph 145 of the Complaint, as Paragraph 145 sets forth legal conclusions and does not require any response, but to the extent that a response is required, deny the allegations contained in Paragraph 145 of the Complaint.

146.    No response is required to Paragraph 146 of the Complaint, as Paragraph 146 sets forth legal conclusions and does not require any response, but to the extent that a response is required, deny the allegations contained in Paragraph 146 of the Complaint.

**PRAYER FOR RELIEF**

147.    Defendants deny that Plaintiffs are entitled to any of the relief set forth in the Relief Sought in the Complaint.

**DEFENDANTS' AFFIRMATIVE DEFENSES**

**AS AND FOR A FIRST AFFIRMATIVE DEFENSE**

148.    The Complaint fails, in whole or in part, to state a claim upon which relief may

granted.

## AS AND FOR A SECOND AFFIRMATIVE DEFENSE

149.    The Complaint fails to state a cause of action pursuant to the Fair Labor Standards

Act, 29 U.S.C. §§ 201 *et seq*. ("Fair Labor Standards Act").

## AS AND FOR A THIRD AFFIRMATIVE DEFENSE

150.    This Court lacks subject matter jurisdiction over the counts in the Complaint that

purport to arise under the Fair Labor Standards Act.

## AS AND FOR A FOURTH AFFIRMATIVE DEFENSE

151.    The Complaint fails to state a cause of action pursuant to the New York Labor

Law, N.Y. LAB. L. §§ 652, 191, 193, 195, 198 or the supporting New York State Department of

Labor Regulations, Part 142 of Title 12 of the New York Codes, Rules and Regulations ("New

York Labor Law").

## AS AND FOR A FIFTH AFFIRMATIVE DEFENSE

152.    The Complaint fails to state a cause of action pursuant to the Code of Federal

Regulations 29 C.F.R. §§ 531.27(a) and 531.35.

## AS AND FOR A SIXTH AFFIRMATIVE DEFENSE

153.    The Complaint fails to state a cause of action pursuant to the N.Y. Comp. Codes

R. & Regs. tit. 12 §§ 192-2.3 and 198-b.

## AS AND FOR AN SEVENTH AFFIRMATIVE DEFENSE

154.    The Court should not exercise supplemental jurisdiction over the counts in the

Complaint that purport to arise under the New York Labor Law; the New York Codes, Rules

and Regulations; and/or under New York common law.

17

## AS AND FOR A EIGHTH AFFIRMATIVE DEFENSE

155.    Plaintiffs' claims are barred, in whole or in part, by the applicable statutes of limitations.

## AS AND FOR A NINTH AFFIRMATIVE DEFENSE

156.    Plaintiffs' claims are barred, in whole or in part, because Plaintiffs are not entitled, in whole or in part, to the damages sought in the Complaint.

## AS AND FOR A TENTH AFFIRMATIVE DEFENSE

157.    Plaintiffs' claims are barred, in whole or in part, as they have been fully compensated for all hours worked and all wages due and owing from Defendants have been paid to Plaintiffs in compliance with the Fair Labor Standards Act and the New York Labor Law, and, to the extent Plaintiffs can show damages are due and owing, which is denied, such damages are *de minimis* and, therefore, not recoverable under the Fair Labor Standards Act or the New York Labor Law.

## AS AND FOR A ELEVENTH AFFIRMATIVE DEFENSE

158.    The Complaint fails to state a claim for a willful violation of the Fair Labor Standards Act or the New York Labor Law, as the Defendants did not act in a willful, wanton, reckless and/or malicious manner, or with reckless disregard of either the Fair Labor Standards Act or the New York Labor Law, at any time relevant to the Complaint.

## AS AND FOR A TWELFTH AFFIRMATIVE DEFENSE

159.    Plaintiffs' claims for liquidated damages under the New York Labor Law are barred, in whole or in part, because any acts or omissions of Defendants giving rise to this action were done in good faith and with reasonable grounds for believing that the actions or omissions were not a violation of the New York Labor Law.

## AS AND FOR A THIRTEENTH AFFIRMATIVE DEFENSE

160.    Plaintiffs' claims are barred, in whole or in part, because the Defendants properly paid wages and overtime to Plaintiffs in compliance with the Fair Labor Standards Act or the New York Labor Law.

## AS AND FOR A FOURTEENTH AFFIRMATIVE DEFENSE

161.    Defendants paid Plaintiffs in excess of the minimum wage of the State of New York for all hours worked up to forty (40) each week.  For any hours worked in excess of forty (40) each week, Defendants paid Plaintiffs an overtime rate in excess of the requisite time-and-one-half of the minimum wage rate.

## AS AND FOR AN FIFTEENTH AFFIRMATIVE DEFENSE

162.    Plaintiffs' claims are barred, in whole or in part, because the Defendants at all times acted in good faith towards the Plaintiffs with reasonable belief that their actions complied with state and federal laws, and at no time willfully violated any of the laws pursuant to which the Plaintiffs bring the instant action or any rights that may be secured to Plaintiffs under any federal, state or local laws, rules or regulations.

## AS AND FOR A SIXTEENTH AFFIRMATIVE DEFENSE

163.    Plaintiffs' claims are barred, in whole or in part, because the interests asserted by Plaintiffs do not constitute protectable interests as a matter of law.

## AS AND FOR A SEVENTEENTH AFFIRMATIVE DEFENSE

164.    Plaintiffs' claims are barred, in whole or in part, by the doctrines of equitable estoppel, waiver, avoidable consequences, laches and/or unclean hands.

## AS AND FOR A EIGHTEENTH AFFIRMATIVE DEFENSE

165.    Plaintiffs' claims are barred, in whole or in part, because the Complaint fails to state facts sufficient to entitle Plaintiffs to an award of attorneys' fees.

## AS AND FOR A NINTEENTH AFFIRMATIVE DEFENSE

166.    Defendants' actions were in good faith conformity with and/or reliance on administrative regulations, orders, rulings, approvals, interpretations and/or practice of the United States Department of Labor.

## AS AND FOR A TWENTIETH AFFIRMATIVE DEFENSE

167.    Plaintiffs' claims may be barred, in whole or in part, to the extent that Plaintiffs did not complain of the alleged Fair Labor Standards Act or New York Labor Law violations to Defendants and/or give Defendants the opportunity to correct the alleged violations.

## AS AND FOR A TWENTY-FIRST AFFIRMATIVE DEFENSE

168.    The Complaint fails to state a claim upon which prejudgment interest may be granted.  Further, said request for prejudgment interest is duplicative of Plaintiffs' claims for liquidated damages.

## AS AND FOR A TWENTY-SECOND AFFIRMATIVE DEFENSE

169.    Plaintiffs have failed to mitigate his damages, if any.

## AS AND FOR A TWENTY-THIRD AFFIRMATIVE DEFENSE

170.    Plaintiffs did not sustain any damages as a result of any alleged acts or omissions of Defendants.

## AS AND FOR A TWENTY-FOURTH AFFIRMATIVE DEFENSE

171.    Defendants reserve the right to assert and allege any other defenses which have not yet been asserted by reason of lack of knowledge of the facts pertaining to Plaintiffs' claims and/or may subsequently become or may appear applicable to some or all of Plaintiffs' claims.

## PRAYER FOR RELIEF

WHEREFORE, Defendants Yaaron LLC, Aaron Jungreis, and Meir Rothman ("Defendants"), respectfully demand judgment in their favor and against Plaintiffs as follows:

A.      Dismissing the Complaint in its entirety with prejudice and denying each and every

request for relief set forth therein; and

B.      Awarding Defendants the costs, disbursements, attorneys' fees, if appropriate, of

this action; and

C.      Awarding Defendants such other and further relief as to the Court may seem just,

equitable and proper.

Dated: October 20, 2023
      New York, New York

                               Respectfully submitted,
                               PHILLIPS NIZER LLP

                               By:<u>/s/ *Regina E. Faul*       </u>
                               Regina E. Faul
                               *RFaul@phillipsnizer.com*
                               Caitlin Breen
                               *CBreen@phillipsnizer.com*
                               485 Lexington Avenue, 14th Floor
                               New York, New York 10017
                               Telephone:  (212) 977-9700
                               *Attorneys for Defendants Yaaron LLC,*
                               *Aaron Jungreis, and Meir Rothman*

TO:    **RAPAPORT LAW FIRM, PLLC**
          Marc A. Rapaport, Esq.
          80 Eighth Avenue, Suite 206
          New York, New York 10011
          Telephone: (212) 382-1600
          *Attorneys for Plaintiffs Rudy A. Colon*
          *and Elvin Aquino*

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on this 20th day of October, 2023, I caused a true and correct copy of the **Defendants' Answer to Complaint with Affirmative Defenses** to be served upon Plaintiffs Rudy A. Colon and Elvin Aquino ("Plaintiffs"), by service upon Plaintiffs' counsel as follows: **by ECF**, addressed to:

> **RAPAPORT LAW FIRM, PLLC**
> Marc A. Rapaport, Esq.
> 80 Eighth Avenue, Suite 206
> New York, New York 10011
> (212) 382-1600

_/s/ Regina E. Faul_
REGINA E. FAUL
