UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------x
RUDY A. COLON and ELVIN AQUINO,

                    Plaintiffs,

      v.                                          Case No. 23-cv-07127 (JGK)

YAARON LLC, AARON JUNGREIS, MEIR
ROTHMAN and YONAH HALTON,

                    Defendants.
------------------------------------------------------------------------x

## SETTLEMENT AND RELEASE AGREEMENT

      This Settlement and Release Agreement (the "Agreement") is made and entered into by and between Rudy A. Colon ("Colon") and Elvin Aquino ("Aquino") (collectively referred to as, the "Plaintiffs"), on the one hand, and non-defaulting Defendants Yaaron LLC ("Yaaron"), Aaron Jungreis ("Jungreis"), Meir Rothman ("Rothman"), (collectively referred to as, the "Defendants"), on the other hand. Plaintiffs and Defendants may each be referred to as a "Party," or together, be referred to herein as the "Parties."

      **WHEREAS**, on or about August 11, 2023, Plaintiffs commenced an action (the "Action") against Defendants by filing a complaint in the United States District Court for the Southern District of New York (the "Court"), bearing the caption *Rudy A. Colon and Elvin Aquino, Plaintiffs, against Yaaron LLC, Aaron Jungreis, Meir Rothman, and Yonah Halton*, Civil Case number 23-cv-07127 (JGK), alleging, among other things, that Defendants violated the Fair Labor Standards Act ("FLSA") and the New York Labor Law ("NYLL") by failing to pay overtime wages to Colon and minimum and overtime wages to Aquino, failing to provide accurate wage notice forms pursuant to NYLL § 195(1), failing to provide accurate wage statements pursuant to NYLL § 195(3), and failing to pay wages in a timely manner (ECF No. 1, the "Complaint");

      **WHEREAS**, the Parties enlisted the services of Raymond Nardo, Esq., an experienced mediator, who helped with negotiations between the Parties, resulting in a settlement in principle;

      **WHEREAS**, Defendants deny all liability and allegations of wrongdoing made by the Plaintiffs and the Court has not made any findings with respect to the merits of Plaintiffs' claims asserted in the Action or otherwise;

      **WHEREAS**, the Parties acknowledge that they each had an opportunity to consult with counsel of their choosing, each in their primary language, and each has provided substantial input into the following terms set forth in this Agreement, and represent that the same are fair, just and equitable; and

**WHEREAS**, the Parties have determined it to be in their mutual interests to settle and amicably resolve the Action, without incurring the further burden, risk, and expense of continued litigation, subject to the terms and conditions set forth herein, including the Court's approval of this Agreement and the Court's exercise of continuing jurisdiction to enforce and interpret this Agreement; and

**NOW THEREFORE**, subject to approval of this Agreement by the Court pursuant to *Cheeks v. Freeport Pancake House, Inc.*, 796 F.3d 199 (2nd Cir. 2015), in consideration of the mutual promises of the Parties, the receipt and sufficiency of which the Parties hereby acknowledge, the Parties intending to be bound, do hereby agree as follows:

1. **Consideration**.

    1.1 **Payment of the Settlement Amount to Plaintiffs and Plaintiffs' Counsel.**

    a. In consideration of the covenants and promises set forth in this Agreement, within fourteen (14) days after the Court's approval of this Agreement, Defendants shall deliver the total settlement sum of One Hundred Fifty Thousand Dollars AND Zero Cents ($150,000.00) (the "Settlement Amount"), to Rapaport Law Firm, 80 Eighth Avenue, Suite 206, New York, NY 10011, as follows:

    **Colon:**

    (i) A check in the sum of Twenty-Four Thousand Dollars and Zero Cents ($24,000.00) as and for alleged lost wages and benefits, payable to the order of Rudy Colon from which estimated deductions will be made for taxes and other withholdings which shall be based on published withholding tables using an annual payroll period, and for which a W-2 tax form will be issued to him; and

    (ii) A check in the net sum of Twenty Five Thousand Three Hundred Forty Eight Dollars and Seventy-Six Cents ($25,348.76) payable to Rudy Colon, from which no withholding, deduction or setoff shall be made, and for which an IRS form 1099 (Box 3) shall be provided to him, representing alleged liquidated and other damages.

    **Aquino:**

    (iii) A check in the sum of Twenty-Four Thousand Dollars and Zero Cents ($24,000.00) as and for alleged lost wages and benefits, payable to the order of Elvin Aquino, from which estimated deductions will be made for taxes and other withholdings which shall be based on published withholding tables using an annual payroll period, and for which a W-2 tax form will be issued to him; and

    (iv) A check in the net sum of Twenty Five Thousand Three Hundred Forty Eight Dollars and Seventy-Six Cents ($25,348.76) payable to Elvin Aquino, from which no withholding, deduction or setoff shall be made, and for which an IRS form

1099 (Box 3) shall be provided to him, representing alleged liquidated and other damages.

**Attorneys' Fees and Costs to Rapaport Law Firm, PLLC:**

(v) A check in the sum of Fifty-One Thousand Two Hundred Ninety Eight Dollars and Forty-Eight Cents ($51,298.48) payable to the order of "Rapaport Law Firm, PLLC" without setoff, withholdings and/or deduction, as and for attorneys' fees and costs, and for which an IRS form 1099-MISC shall be issued to Rapaport Law Firm.

b. Prior to the issuance of the foregoing payments, Plaintiffs shall provide Defendants' counsel with executed IRS Forms W-4 and W-9, and Plaintiffs' counsel shall provide an executed IRS Form W-9.

c. **Notice of Default and Right to Cure**. In the event that any payment due as set forth in this Agreement is not received by the close of business on the final date set forth herein for such payment, or, provided that the payment date falls on a weekend or holiday, before the close of business on the next following business day, Plaintiffs' counsel may serve a written notice ("Notice of Default") upon counsel for the Defendants, Regina Faul, Esq., Phillips Nizer LLP, via email at rfaul@phillipsnizer.com. Defendants shall have ten business days from receipt of same to cure the default by making such payment. In the event that Defendants do not cure their default within said ten-business day period, Plaintiffs shall be entitled to enter Judgment for the entire amount due and owing, with interest to commence as of the date of Default at a rate of 10% per annum on the balance due, for which Defendants shall be jointly and severally responsible. The Court shall retain jurisdiction for the purposes of enforcing this Agreement, including the issuance of a judgment in the event of a default in payment by Defendants.

1.2 **Indemnification**. Plaintiffs shall be solely responsible for the payment of all local, state and federal taxes, interest, penalties and other liabilities or costs that may be assessed in connection with the settlement sum set forth in paragraph "1" and its subparts above. Plaintiffs further agree to indemnify and hold Defendants harmless against the payment of any such taxes, interest, penalties and other liabilities or costs that may be assessed by the Internal Revenue Service, or any other taxing authority and/or any other governmental agency (whether federal, state, or local), in connection with such settlement sum, including but not limited to any failure by Plaintiffs to report to the proper taxing authorities, or any failure by Plaintiffs to pay income taxes on the payments described in this paragraph "1" and its subparts above, and/or any prior payment received from Defendants, provided that Defendants, and not Plaintiffs, are responsible for any tax liabilities, payments, costs, interest and penalties concerning the employer's portion of any tax withholding obligations. Plaintiffs acknowledge that they have not relied on

any oral or other representations made by Defendants or their counsel regarding the tax consequences of any of the amounts paid pursuant to this Agreement. Plaintiffs further acknowledge and agree that neither Defendants nor counsel for Defendants, have provided any advice whatsoever on the taxability of the foregoing settlement payments to Plaintiffs.

    **1.3** Defendants will issue an IRS Form 1099 MISC to Rapaport Law Firm, reporting the Settle Payment as: Box 10 – Gross Proceeds Paid to an Attorney.

**2. Colon's Surrender of 645 West 160th Street, Bsmt., New York, NY 10032 (the "Apartment").**

    **2.1** During the Parties' mediation, Colon and the Defendants negotiated and resolved certain issues relating to Colon's occupancy and surrender of the Apartment, where Colon resided in connection with his employment.

    **2.2** The Parties acknowledge that on or before September 29, 2024, Colon surrendered possession of the Apartment, whereupon the Parties conducted a joint inspection of the Apartment, which confirmed that Colon had vacated the Apartment and duly removed his belongings therefrom.

    **2.2** In consideration for Colon's surrender of the Apartment and Colon's releases set forth in Paragraph 3.1 below, Defendants hereby waive, release and discharge Colon from any and all actions, causes of action, claims, demands and/or liabilities relating to the Apartment, including, without limitation, claims for rent and/or use and occupancy.

**3. Release of Wage and Hour Claims.**

    **3.1** Provided that this Agreement is approved by the Court, in exchange for the payments identified in Paragraph 1 and in consideration of the covenants and promises contained herein, Plaintiffs, individually and on behalf of themselves and, if any, their spouses, domestic partners, children, agents, assignees, heirs, executors, beneficiaries, legal representatives and assigns, hereby waive, discharge and release, the Defendants and their current and former parents, subsidiaries, divisions, branches, assigns and affiliated and related entities, and their respective predecessors, successors, employee benefit plans, and present and former directors, officers, partners, investors, shareholders, fiduciaries, insurers, owners, employees, representatives, agents and attorneys, and their immediate family, heirs, beneficiaries, assigns, and present and/or former fiduciaries, representatives, agents and attorneys (collectively, the "Released Parties") from any and all actions, causes of action, obligations, liabilities, claims and demands which were asserted, or, if wage-related, which could have been asserted, by and/or on behalf of Plaintiffs in the Action, under the Fair Labor Standards Act, the New York State Labor Law, and/or any federal, state or local wage statute, code, or ordinance, which are related to any alleged unpaid or underpaid wages or overtime or other unpaid or underpaid wages or compensation, including reimbursement for

expenses, and any related penalties, interest, costs, attorneys' fees, compensatory damages, punitive damages, and liquidated damages, whether known or unknown, contingent or otherwise, and whether specifically mentioned in this Agreement or not, regardless of when they accrued, until the date Plaintiffs sign this Agreement.

**3.2** This release of wage and hour claims includes all claims for unpaid minimum wage, overtime, commissions, whether based on common law or otherwise, and all claims for improper deductions, tip credits, travel time, spread of hours pay, bonuses, expenses, and reimbursements, relating to Plaintiffs' alleged employment with Defendants and any other compensation or wages, liquidated damages, compensatory damages, punitive damages, penalties, attorneys' fees, interests and/or costs related to the claims filed in this Action. Plaintiffs agree that they hereby waive any right that they may have to seek or to share in any relief, monetary or otherwise, relating to any claim released herein, whether such claim was initiated by them or not. The Parties understand that this Agreement does not release any claim that this Agreement has been breached.

**3.3** Plaintiffs are not waiving the right to vested benefits under the written terms of any pension or welfare benefit plan, if any, claims for unemployment or workers' compensation benefits, any medical claim or any judgment or monetary awards or settlements that may arise related to medical benefits under any benefit plan sponsored by Defendants, claims arising after the date on which Plaintiffs sign this Agreement, or claims that are not otherwise waivable under applicable law.

**3.4** Provided that this Agreement is approved by the Court, Plaintiffs agree that they will sign and return the Stipulation and Order of Final Dismissal with Prejudice (attached to this Agreement as Exhibit "A") to Defendants' Counsel within five business days.

**3.5** Plaintiffs are unaware of any other lawsuit involving Plaintiffs and Defendants. In the event that there are any such claims or proceedings, Plaintiffs shall take reasonable measures to withdraw and/or discontinue any other complaint, lawsuit, action, cause of action, administrative charge, claim, controversy, demand, grievance or proceeding (unless such proceeding is a class action in which case Plaintiffs agree to "opt out" of the class and not to participate in the class action) against the Releasees. In the event that, for any reason, any complaint, lawsuit, action, cause of action, administrative charge, claim, controversy, demand, grievance or proceeding covered by this paragraph 3.5 is or remains pending or is instituted on their behalf, Plaintiffs agree: (i) to ask each agency or court with which any such matter is instituted and/or pending to enter an order, without appearance by either party, fully and finally withdrawing the matter and dismissing it with prejudice, and any such orders shall be attached to and become a part of this Agreement; (ii) to not, unless required by law to do so (and then subject to the terms of this paragraph), participate or request others to participate on their behalf in any such proceeding or litigation arising therefrom or associated therewith; and (iii) in no event, from any such source or proceeding whatsoever, to seek or in any way to obtain or accept any monetary award, recovery, settlement or relief therefrom. Provided, however, that nothing set forth in this article

and/or otherwise in this Agreement shall in any way limit, restrict, impair or otherwise restrict Plaintiffs from enforcing this Agreement, including, but not limited to, filing court and/or other legal proceedings to enforce Defendants' payment obligations set forth hereinabove.

4. **Acknowledgments and Affirmations.**

    4.1 Plaintiffs affirm that in the Lawsuit they have asserted a claim seeking unpaid wage or overtime pay under the Fair Labor Standards Act, the New York State Labor Law, and/or any other law, regulation or basis, and affirm that there is a bona fide dispute as to such FLSA claims which are being settled and released by this Agreement. Plaintiffs believe that this Agreement is fair and reasonable, and authorize their attorneys to seek from the Court approval of the settlement as fair and reasonable under the FLSA, and dismissal of the Lawsuit with prejudice; and Defendants acknowledge and affirm that they shall reasonably cooperate with obtaining approval of this Agreement pursuant to subject to the approval of the Court pursuant to *Cheeks v. Freeport Pancake House, Inc.*, 796 F. 3d 199 (2d Cir. 2015).

    4.2 The payments provided for above are in full discharge of any and all of Defendants' alleged wage-related liabilities, damages and obligations to Plaintiffs.

    4.3 Except as to any amounts which might be vested and come due under employee benefit plans governed by ERISA or non-qualified deferred compensation, or under the terms of any insurance policies, if any, which may remain in effect for Plaintiffs, Defendants do not owe Plaintiffs any further compensation, overtime compensation, bonus, incentive compensation, accrued vacation pay or monies of any kind; and

    4.4 The payments provided for above fully and completely settle all claims by Plaintiffs and Plaintiffs' counsel against Releasees for attorneys' fees, costs, disbursements and the like, except in the event of a default by Defendants, in which instance Plaintiffs' counsel shall be entitled to recover from Defendants reasonable attorneys' fees incurred in connection with enforcing this Agreement.

    4.5 All Parties represent and acknowledge that they discussed all material aspects of this Agreement with their respective counsel, have been fully advised by their counsel as to their rights, understand that they are waiving significant legal rights by signing this Agreement, and enter into this Agreement voluntarily, with the full understanding of the Agreement and all of its terms.

5. **Procedure and Stipulation and Order of Dismissal.**

    5.1 Plaintiffs on behalf of the Parties will submit this Agreement to the Court for the Court's consideration and approval. The Court's approval of all provisions of this

Agreement is a material term of this Agreement, and if the Court declines to approve this Agreement, the Agreement shall be null and void, and the parties shall be returned to their positions as if this Agreement did not exist, except that they shall operate in good faith to resolve any deficiencies with this Agreement identified by the Court in any decision or opinion declining to approve this Agreement before the Agreement shall be null and void.

5.2 The Parties agree that, upon executing the Agreement, the Parties, through their attorneys, shall execute a Stipulation and Order of Dismissal With Prejudice ("Stipulation"), of the claims against Defendants in the Pending Action, with each party bearing its own fees and costs, in the form annexed hereto as **Exhibit A**. The Parties agree that Defendants' counsel will hold the Stipulation in escrow and will not file the Stipulation with the Court unless and until the Court issues an Order approving the Agreement in its entirety, at which time Defendant's counsel may file the Stipulation with the United States District Court, Southern District of New York, without further notice, should the Court not *sua sponte* order the case closed. If the Court does not approve this Agreement, the Parties agree to engage in good faith negotiations and make best efforts to modify this Agreement so as to obtain the Court's approval.

6. **Governing Law and Interpretation**. This Agreement shall be governed and conformed in accordance with the laws of the state of New York without regard to its conflict of laws provision. In the event of a breach of any provision of this Agreement, any party may institute an action specifically to enforce any term or terms of this Agreement and/or to seek any damages for breach. Provided that this Agreement is approved by the Court pursuant to *Cheeks v. Freeport Pancake House, Inc.*, 796 F. 3d 199 (2d Cir. 2015), should any provision of this Agreement thereafter be declared illegal or unenforceable by any court of competent jurisdiction and cannot be modified to be enforceable, excluding the release language and Defendants' payment obligations, such provision shall immediately become null and void, leaving the remainder of this Agreement in full force and effect.

7. **No Admission of Wrongdoing**. The Parties agree that neither this Agreement nor the furnishing of the consideration for this Agreement shall be deemed or construed at any time for any purpose as an admission by Releasees of wrongdoing or evidence of any liability or unlawful conduct of any kind.

8. **Amendment**. This Agreement may not be modified, altered or changed except in writing and signed by all Parties wherein specific reference is made to this Agreement.

9. **Entire Agreement**. This Agreement sets forth the entire agreement between the Parties hereto, and fully supersedes any prior agreements or understandings between the Parties. Plaintiffs acknowledge that they have not relied on any representations, promises, or agreements of any kind made to them in connection with their decision to accept this Agreement, except for those set forth in this Agreement.

**10. Section Headings**. Section headings are used herein for convenience of reference only and shall not affect the meaning of any provision of this Agreement.

**11. Legal Fees**. Except as provided for in this Agreement, each party will be responsible for its own legal fees or costs, if any, incurred in connection with the negotiation, settlement and delivery of this Agreement.

**12. Counterparts**. This Agreement may be executed in counterparts with all counterparts constituting the entire Agreement and with the same full force and effect as if this Agreement were not executed in counterparts. Electronic and facsimile signatures shall be deemed as originals.

**13. Joint Participation in Preparation of Agreement**. The Parties participated jointly in the negotiation and preparation of this Agreement, and each party has had the opportunity to obtain the advice of legal counsel and to review, comment upon, and redraft this Agreement. Accordingly, it is agreed that no rule of construction shall apply against any party or in favor of any party. This Agreement shall be construed as if the Parties jointly prepared this Agreement, and any uncertainty or ambiguity shall not be interpreted against any one party and in favor of the other.

**14.** Plaintiffs affirm that they have carefully read, or had translated to them verbatim in their primary language, the entirety of this Agreement and each fully understands all of the provisions contained it.

**THE SIGNATORIES HAVE CAREFULLY READ THIS ENTIRE SETTLEMENT AGREEMENT AND RELEASE. THE PARTIES HAVE BEEN REPRESENTED BY COUNSEL THROUGHOUT THE NEGOTIATION OF THIS AGREEMENT AND HAVE CONSULTED WITH THEIR ATTORNEYS BEFORE SIGNING THIS AGREEMENT. THE PARTIES FULLY UNDERSTAND THE FINAL AND BINDING EFFECT OF THIS AGREEMENT. THE ONLY PROMISES OR REPRESENTATIONS MADE TO ANY SIGNATORY ABOUT THIS AGREEMENT ARE CONTAINED IN THIS AGREEMENT. PLAINTIFFS ACKNOWLEDGE THAT THIS AGREEMENT HAS BEEN TRANSLATED AND EXPLAINED TO THEM IN SPANISH.**

[remainder of page is left blank – signature page follows]

WHEREFORE, the Parties have read the foregoing Agreement and accept and agree to the provisions contained herein.

**PLAINTIFFS:**

By: *Rudy Colon*
Rudy A. Colon
Dated: 10/23/2024

By: *[signature]*
Elvin Aquino
Dated: 10/23/24

**DEFENDANTS:**

Yaaron LLC

By: _____

Name: _____

Title: _____

Dated: _____

Aaron Jungreis, Individually:

_____
Aaron Jungreis

Dated: _____

Meir Rothman, Individually:

_____
Meir Rothman

Dated: _____

- 9 -

WHEREFORE, the Parties have read the foregoing Agreement and accept and agree to the provisions contained herein.

**PLAINTIFFS:**

By: _____
Rudy A. Colon

Dated:_____

By: _____
Elvin Aquino

Dated:_____

**DEFENDANTS:**

Yaaron LLC

By: _____[signature]_____

Name: AARON JUNGREIS

Title: _____

Dated: 10/14/2024

Aaron Jungreis, Individually:

_____[signature]_____
Aaron Jungreis

Dated: 10/14/2024

Meir Rothman, Individually:

_____[signature]_____
Meir Rothman

Dated: 10/17/24