Rudy A. Colon 7/25/2023

# RAPAPORT LAW FIRM, PLLC
## ATTORNEY-CLIENT RETAINER AGREEMENT

("Client") (also referred to herein as "I", "Me", "My" and similar pronouns)
**Name:**

Rudy A. Colon
645 West 160th Street, Bsmt.
New York, NY 10032

hereby retains Rapaport Law Firm, PLLC, 80 Eighth Avenue, Suite 206, New York, NY 10011 ("Rapaport Law") (collectively, referred to herein as the "Law Firm," "Law Firm," the "Lawyers," the "Attorneys," and similar terms) to perform the following legal services relating to wage and hour claims:

1. **Scope of Representation:**

**Nature of Claims:** Attorneys, Rapaport Law Firm, PLLC will represent Me, Rudy A. Colon, in the prosecution and/or settlement of any affirmative claims of violations of wage and hour (*e.g.*, overtime "*horas extras*"), wage) and/or deduction violations and/or other wage violations arising out of the Fair Labor Standards Act (FLSA) and New York Labor Law (NYLL) arising out of employment with Yaaron LLC, Meir Rothman, and Aaron Jungreis, and associated entities and/or affiliates, including officers and/or managers (collectively, the "Employer," the "Employers, "Defendants" or similar terms) who were responsible for the failure to adhere to wage laws in connection with my employment as superintendent at a building in New York County, New York.

2. **Attorneys' Fees:**

I understand that I will not be required to pay any attorneys' fees to the Law Firm other than through a deduction for the payment of reasonable attorneys' fees from a common fund created as part of the settlement of the class claims filed, or judgment entered, in the action to be commenced against the Employer. I understand that our cases are ones in which the Defendant/Employer may be required to pay reasonable attorneys' fees to the Law Firm. I authorize the Law Firm to seek and collect reasonable attorneys' fees in addition to any relief they are seeking for use. I agree that the Law Firm may keep attorneys' fees that are obtained through court or agency order or settlement of the case. In the event of a lump sum settlement award or judgment that does not make an allocation of and/or award for attorneys' fees, the attorneys' fees shall be 33.3% of the Net Recovery.

"Net Recovery" means the amount of any settlement or judgment less reimbursement to the Law Firm, (from the gross recovery paid by the employer/defendant) of any unreimbursed expenses. Expenses to be reimbursed include all disbursements incurred during the course of the representation, including expert fees, facsimile charges, Westlaw legal research, Pacer (Federal Crt) charges, photocopies, deposition transcripts, filing fees, travel expenses, private investigator fees; and telephone charges. It is not possible to predict the actual amount of expenses in advance.



Given the nature of the claims to be brought against the Defendants, and the availability of fee shifting statutes, The Law Firm may, if appropriate, seek an order from the Court requiring the Defendants to pay litigation expenses and attorneys' fees. I further understand that in making such application, the Law Firm will calculate their fees using the "loadstar" method that reflects the number of hours worked multiplied by a reasonable hourly rate. I understand that the amount of such attorneys' award against the Defendants and payable to the Law Firm may exceed 33.3% of the net recovery.

3. **Costs:** The costs necessary to prosecute and/or settle Client's claims ("Costs") may be advanced by the Attorneys. Costs may include filing, expert and jury fees, service of papers, transcripts, travel expenses, postage and photocopies (25 cents/page). Client acknowledges that Attorneys have made no promises about the total amount of Costs. It is further understood and agreed that Costs and disbursements are taken off the top (reimbursed to the lawsuit) from the proceeds of the case, and the contingent fee is calculated based on the "net" recovery.

4. **Lien Created:** Attorneys have the right to recover their fees and costs from the proceeds of any judgment or settlement of Client's claims. A lien is hereby granted against Client's claims and any judgment or settlement of those claims. Client hereby assigns to Attorneys any recovery which may become due in settlement, judgment or otherwise to the extent required to reimburse Attorneys for fees and Costs, as provided in this Agreement. The Parties agree that the agreement shall be binding on, and inure to the benefit of, their successors, heirs and/or assigns.

5. **Unauthorized Settlements:** Client agrees not to settle this matter except in the presence and with written approval and consent of the Law Firm.

6. **Attorney-Client Privilege:** Client and Attorneys acknowledge that all communications between Client and Attorneys shall be kept strictly confidential. Such communications may, however, be disclosed in claims brought by either Client or Attorneys for a breach of this Agreement. Client also agrees that Attorney-Client communication via e-mail is permissible and Client waives any damage/injury due to inadvertent breach of the Attorney-Client Privilege as a result of the use of e-mail. Client agrees to keep Attorneys informed at all times of Client's current residence and work addresses and telephone numbers and to keep in **regular contact** with Marc Rapaport and Rapaport Law Firm, PLLC, tel: (212) 382-1600.

8. **Substitution of Attorneys:** Client agrees not to substitute Attorneys without the consent of Attorneys, except for misconduct or incapacity of Attorneys. If Client violates this term, Client will be obligated to reimburse Attorneys for the reasonable value of Attorneys' services and all costs incurred.

9. **Rights to Terminate Agreement:** Client may terminate this Agreement by providing at least 5 days' notice to Attorneys. If Client terminates this Agreement, Attorneys are entitled to recover the reasonable value of their services and reimbursement of all costs incurred. Attorneys may also terminate this agreement by providing at least five days' notice to Client if Attorneys believe they are unable to fulfill their professional responsibilities to Client for any reason (for example, if conflicts of interest arise or for any other reason authorized by law, such as ethical reasons). The notice time may be shorter if required by law.



Rudy A. Colon 7/25/2023

**10.** **<u>Miscellaneous Terms</u>:** If any part of this Agreement is determined by any court of competent jurisdiction to be invalid or unenforceable, the validity and enforceability of the remaining terms shall not be affected thereby, and the invalid and/or unenforceable provision shall merely no longer be deemed to be a part of this Agreement. New York law shall apply to the interpretation of this Agreement. Should a dispute arise concerning Attorney's fees, you may have the right pursuant to Part 137 of the Rules of the Chief Administrator (22 NYCRR 137) to seek arbitration to resolve the fee dispute. In such event, the Attorneys shall advise you in writing, by certified mail or personal service, that you have days from the receipt of such notice in which to elect to resolve the dispute by arbitration, and we shall enclose a copy of the arbitration rules and a form for requesting arbitration. The decision resulting from the arbitration is binding upon both you and the Attorneys. Client shall cooperate with the Law Firm in the prosecution of this case. Such cooperation may include deposition testimony, court appearances, and participation in mediation. **I understand my obligation to cooperate with Rapaport Law Firm, PLLC, and the importance of such cooperation in pursuing my wage claims against the Defendant.**

It is understood that Attorneys have made no guarantees regarding the outcome of this representation or the amount Client may recover as a result. All such expressions, both now or in the future, are matters of legal opinion only. The Parties represent that they have entered into this Agreement freely and voluntarily and have not relied upon any statement with regard to the subject matter or effect of this Agreement (other than those statements specifically contained in this Agreement). This Agreement comprises the complete/exclusive agreement governing the Attorney-Client relationship between the Parties. There are no collateral agreements, either written or verbal. Modifications to this Agreement are invalid unless made in writing and signed by both parties to this Agreement. This Agreement shall be interpreted based upon its plain meaning and not strictly for or against Client or Attorneys. This Agreement is not effective until signed by both Client and Attorneys.

**11.** **Class and/or Class Action:** As we have discussed, this action may be pursued as a collective and/or class action against the Employer under the Fair Labor Standards Act ("FLSA") and New York Labor Law. In such instance, Client, as the person bringing the class action, may have the role of class representative. When a case is pursued as a class action, the Court determines, after a complaint is filed, whether the case fits the requirements for class certification. The Client understands that the Law Firm will seek court approval to appoint the Client, possibly in conjunction with others who may make similar requests, to serve as lead plaintiffs in the action that we propose to commence on the Client's behalf, or in connection with subsequently filed actions arising from the same facts and/or occurrences. Client's claims may be pursued as part of a class action, or separately, through an independent lawsuit. I, Rudy A. Colon, agree to serve as the representative/named plaintiff in a collective and/or class action that may be filed on behalf of similarly situated employees of one or more of the defendants. I have discussed with the Lawyers my role as representative plaintiff.



**Client's Acceptance:** The undersigned hereby retains the Rapaport Law Firm, PLLC on the terms stated in this Agreement. I have read and fully understand this Agreement and have had the opportunity to consult with legal counsel of our own choosing to have the terms of this Agreement fully explained to me. I am not executing this Agreement in reliance on any promises, representations or inducements other than those contained in this Agreement. I understand that Rapaport Law Firm, PLLC cannot guarantee any particular outcome with respect to my claims. **THIS AGREEMENT HAS BEEN EXPLAINED TO ME IN BOTH SPANISH AND ENGLISH.**

By: _Rudy A. Colon_ (signature)
Print: Rudy A. Colon

Dated: July 25, 2023

**RAPAPORT LAW FIRM, PLLC**

By: _____
Marc A. Rapaport
Attorney

Dated: July 25, 2023

Elvin Aquino 7/25/2023

# RAPAPORT LAW FIRM, PLLC
## ATTORNEY-CLIENT RETAINER AGREEMENT

("Client") (also referred to herein as "I", "Me", "My" and similar pronouns)
**Name:**

Elvis Aquino
645 West 160th Street, Apt. 1C
New York, NY 10032

hereby retains Rapaport Law Firm, PLLC, 80 Eighth Avenue, Suite 206, New York, NY 10011 ("Rapaport Law") (collectively, referred to herein as the "Law Firm," "Law Firm," the "Lawyers," the "Attorneys," and similar terms) to perform the following legal services relating to wage and hour claims:

**1.    Scope of Representation:**

**Nature of Claims:** Attorneys, Rapaport Law Firm, PLLC will represent Me, Elvin Aquino, in the prosecution and/or settlement of any affirmative claims of violations of wage and hour (*e.g.*, overtime "*horas extras*"), wage) and/or deduction violations and/or other wage violations arising out of the Fair Labor Standards Act (FLSA) and New York Labor Law (NYLL) arising out of employment with Yaaron LLC, Meir Rothman, and Aaron Jungreis, and associated entities and/or affiliates, including officers and/or managers (collectively, the "Employer," the "Employers, "Defendants" or similar terms) who were responsible for the failure to adhere to wage laws in connection with my employment as superintendent at a building in New York County, New York.

**2.    Attorneys' Fees:**

I understand that I will not be required to pay any attorneys' fees to the Law Firm other than through a deduction for the payment of reasonable attorneys' fees from a common fund created as part of the settlement of the class claims filed, or judgment entered, in the action to be commenced against the Employer. I understand that our cases are ones in which the Defendant/Employer may be required to pay reasonable attorneys' fees to the Law Firm. I authorize the Law Firm to seek and collect reasonable attorneys' fees in addition to any relief they are seeking for use. I agree that the Law Firm may keep attorneys' fees that are obtained through court or agency order or settlement of the case. In the event of a lump sum settlement award or judgment that does not make an allocation of and/or award for attorneys' fees, the attorneys' fees shall be 33.3% of the Net Recovery.

"Net Recovery" means the amount of any settlement or judgment less reimbursement to the Law Firm, (from the gross recovery paid by the employer/defendant) of any unreimbursed expenses. Expenses to be reimbursed include all disbursements incurred during the course of the representation, including expert fees, facsimile charges, Westlaw legal research, Pacer (Federal Crt) charges, photocopies, deposition transcripts, filing fees, travel expenses, private investigator fees; and telephone charges. It is not possible to predict the actual amount of expenses in advance.

Given the nature of the claims to be brought against the Defendants, and the availability of fee shifting statutes, The Law Firm may, if appropriate, seek an order from the Court requiring the Defendants to pay litigation expenses and attorneys' fees. I further understand that in making such application, the Law Firm will calculate their fees using the "loadstar" method that reflects the number of hours worked multiplied by a reasonable hourly rate. I understand that the amount of such attorneys' award against the Defendants and payable to the Law Firm may exceed 33.3% of the net recovery.

3. **Costs:** The costs necessary to prosecute and/or settle Client's claims ("Costs") may be advanced by the Attorneys. Costs may include filing, expert and jury fees, service of papers, transcripts, travel expenses, postage and photocopies (25 cents/page). Client acknowledges that Attorneys have made no promises about the total amount of Costs. It is further understood and agreed that Costs and disbursements are taken off the top (reimbursed to the lawsuit) from the proceeds of the case, and the contingent fee is calculated based on the "net" recovery.

4. **Lien Created:** Attorneys have the right to recover their fees and costs from the proceeds of any judgment or settlement of Client's claims. A lien is hereby granted against Client's claims and any judgment or settlement of those claims. Client hereby assigns to Attorneys any recovery which may become due in settlement, judgment or otherwise to the extent required to reimburse Attorneys for fees and Costs, as provided in this Agreement. The Parties agree that the agreement shall be binding on, and inure to the benefit of, their successors, heirs and/or assigns.

5. **Unauthorized Settlements:** Client agrees not to settle this matter except in the presence and with written approval and consent of the Law Firm.

6. **Attorney-Client Privilege:** Client and Attorneys acknowledge that all communications between Client and Attorneys shall be kept strictly confidential. Such communications may, however, be disclosed in claims brought by either Client or Attorneys for a breach of this Agreement. Client also agrees that Attorney-Client communication via e-mail is permissible and Client waives any damage/injury due to inadvertent breach of the Attorney-Client Privilege as a result of the use of e-mail. Client agrees to keep Attorneys informed at all times of Client's current residence and work addresses and telephone numbers and to keep in **regular contact** with Marc Rapaport and Rapaport Law Firm, PLLC, tel: (212) 382-1600.

8. **Substitution of Attorneys:** Client agrees not to substitute Attorneys without the consent of Attorneys, except for misconduct or incapacity of Attorneys. If Client violates this term, Client will be obligated to reimburse Attorneys for the reasonable value of Attorneys' services and all costs incurred.

9. **Rights to Terminate Agreement:** Client may terminate this Agreement by providing at least 5 days' notice to Attorneys. If Client terminates this Agreement, Attorneys are entitled to recover the reasonable value of their services and reimbursement of all costs incurred. Attorneys may also terminate this agreement by providing at least five days' notice to Client if Attorneys believe they are unable to fulfill their professional responsibilities to Client for any reason (for example, if conflicts of interest arise or for any other reason authorized by law, such as ethical reasons). The notice time may be shorter if required by law.

Elvin Aquino 7/25/2023

**10.    Miscellaneous Terms:** If any part of this Agreement is determined by any court of competent jurisdiction to be invalid or unenforceable, the validity and enforceability of the remaining terms shall not be affected thereby, and the invalid and/or unenforceable provision shall merely no longer be deemed to be a part of this Agreement. New York law shall apply to the interpretation of this Agreement. Should a dispute arise concerning Attorney's fees, you may have the right pursuant to Part 137 of the Rules of the Chief Administrator (22 NYCRR 137) to seek arbitration to resolve the fee dispute. In such event, the Attorneys shall advise you in writing, by certified mail or personal service, that you have days from the receipt of such notice in which to elect to resolve the dispute by arbitration, and we shall enclose a copy of the arbitration rules and a form for requesting arbitration. The decision resulting from the arbitration is binding upon both you and the Attorneys. Client shall cooperate with the Law Firm in the prosecution of this case. Such cooperation may include deposition testimony, court appearances, and participation in mediation. **I understand my obligation to cooperate with Rapaport Law Firm, PLLC, and the importance of such cooperation in pursuing my wage claims against the Defendant.**

It is understood that Attorneys have made no guarantees regarding the outcome of this representation or the amount Client may recover as a result. All such expressions, both now or in the future, are matters of legal opinion only. The Parties represent that they have entered into this Agreement freely and voluntarily and have not relied upon any statement with regard to the subject matter or effect of this Agreement (other than those statements specifically contained in this Agreement). This Agreement comprises the complete/exclusive agreement governing the Attorney-Client relationship between the Parties. There are no collateral agreements, either written or verbal. Modifications to this Agreement are invalid unless made in writing and signed by both parties to this Agreement. This Agreement shall be interpreted based upon its plain meaning and not strictly for or against Client or Attorneys. This Agreement is not effective until signed by both Client and Attorneys.

**11.    Class and/or Class Action:** As we have discussed, this action may be pursued as a collective and/or class action against the Employer under the Fair Labor Standards Act ("FLSA") and New York Labor Law. In such instance, Client, as the person bringing the class action, may have the role of class representative. When a case is pursued as a class action, the Court determines, after a complaint is filed, whether the case fits the requirements for class certification. The Client understands that the Law Firm will seek court approval to appoint the Client, possibly in conjunction with others who may make similar requests, to serve as lead plaintiffs in the action that we propose to commence on the Client's behalf, or in connection with subsequently filed actions arising from the same facts and/or occurrences. Client's claims may be pursued as part of a class action, or separately, through an independent lawsuit. I, Elvin Aquino, agree to serve as the representative/named plaintiff in a collective and/or class action that may be filed on behalf of similarly situated employees of one or more of the defendants. I have discussed with the Lawyers my role as representative plaintiff.

**Client's Acceptance:** The undersigned hereby retains the Rapaport Law Firm, PLLC on the terms stated in this Agreement. I have read and fully understand this Agreement and have had the opportunity to consult with legal counsel of our own choosing to have the terms of this Agreement fully explained to me. I am not executing this Agreement in reliance on any promises, representations or inducements other than those contained in this Agreement. I understand that Rapaport Law Firm, PLLC cannot guarantee any particular outcome with respect to my claims. **THIS AGREEMENT HAS BEEN EXPLAINED TO ME IN BOTH SPANISH AND ENGLISH.**

By: _____  Dated: July 25, 2023
Print: Elvin Aquino

RAPAPORT LAW FIRM, PLLC

By: _____  Dated: July 25, 2023
Marc A. Rapaport
Attorney